[Crim. No. 3398.   Second Appellate District, Division Two.—January 6, 1941.]

THE PEOPLE, Respondent, v. FRANK W. O'NEAL, Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

Wm. J. F. Brown for Appellant.

WOOD, J.—Defendant was charged by information with the crime of petty theft with the prior conviction of a felony. He admitted the prior conviction and a jury returned a verdict finding him guilty.   He prosecutes this appeal from the judgment and from the order denying his motion for a new

trial, and now asserts that the evidence is insufficient to justify the conviction.

■ After banking hours in the afternoon of February 19, 1940, Lorrin Andrews, a lawyer, while in his office in the city of Los Angeles, received from a client an envelope containing a $100 bill and a $50 bill. The envelope was left temporarily on Andrews' flat top desk. At this time defendant came into the office for an interview. Andrews was to appear for defendant in a criminal trial which was set for the following day. After a conversation of a few minutes concerning the approaching trial Andrews was called out of the office for a minute. Upon his return defendant was standing in the doorway. He said to Andrews "I will see you in the morning" and left the office. Andrews thereupon wrote a letter and started to put the money in his safe but could not find the envelope containing the bills. He called defendant's home by telephone but received no answer. The next morning Andrews met defendant at the court room and asked him "Where is that money you took off my desk?" to which defendant replied that he had left it at his home and that he had taken it because he was afraid someone else might pick it up while Andrews was out of the office. Defendant assured Andrews that he would return the money upon the completion of the trial which was about to commence. Defendant was convicted at the trial and was immediately sentenced to ten days in jail. Andrews asked defendant to tell him where the money was so that he could get it but defendant promised to bring it to Andrews upon his release from jail. Defendant did not return the money to Andrews but left for Colorado, from which place he was extradited. Defendant was sworn as a witness and denied having been in Andrews' office on the day in question. He also denied having had a conversation with Andrews concerning the money.

The testimony of Mr. Andrews concerning the facts above related, which was in part corroborated by other witnesses, is ample to sustain the conviction. The jury was justified in concluding that defendant had taken the money from Mr. Andrews' desk with criminal intent.

The judgment and the order denying a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.